than one affidavit of merits to a plea to a declaration, notwithstanding different defenses are set up to a part of plaintiff's claim.

4. PLEADING, § 153*—*when affidavit of merits is insufficient.* An affidavit of merits that plaintiff had accepted one of two notes sued on in satisfaction and payment of the other note, with knowledge of the fact that both notes were given to the payee therein mentioned without consideration, was insufficient, even if plaintiff had received the notes with knowledge that they were given as accommodation papers, as knowledge of this fact alone would not defeat the action.

5. PLEADING, § 366*—*when pleas properly stricken.* In an action against the maker of two promissory notes to recover thereon, where an affidavit of merits was properly stricken from the files, *held* that the pleas, being unsupported, were also properly stricken.

The People of the State of Illinois, Defendant in Error, v. Ottilia Bishop, Plaintiff in Error.

Gen. No. 23,482.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed January 28, 1918.

Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Ottilia Bishop, defendant, for violation of section 180 of the Criminal Code (J. & A. ¶ 3811), in unlawfully by lottery disposing of personal property, to wit, merchandise of the value of $10, to one Mrs. William Freeto. From a judgment of conviction and fine of $25, defendant brings error.

ROSENTHAL, KURZ & HOULIHAN, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MACLAY HOYNE, for defendant in error; GEORGE C. BLISS, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. LOTTERIES, § 2*—*when recalled lottery contract admissible in criminal prosecution.* Where an original, admittedly illegal lottery contract was recalled by the party issuing same as the seller of certain merchandise, and another contract alleged to be legal substituted therefor, *held* that the former contract was admissible in evidence under an information charging only that the defendant unlawfully engaged in a lottery transaction, and not charging the illegality of the substituted contract, notwithstanding the latter contract was legal on its face.

2. LOTTERIES, § 2*—*when evidence supports conviction.* Evidence *held* to support a judgment of conviction on an information for unlawfully by lottery disposing of personal property, where it tended to show that defendant had by her conduct led certain club members to believe payments would not be required of them under their contract, legal on its face, after they had received certain merchandise as a result of weekly drawings.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.